

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DIANE MOSBY,

    Plaintiff,

v.                                        Civil Action No. 3:15-CV-489

ALPS PROPERTY & CASUALTY
INSURANCE COMPANY d/b/a Attorneys
Liability Protection Society,
A Risk Retention Group, et al.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the court on DEFENDANT ALPS PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION TO REALIGN THE PARTIES (ECF No. 4.) For the reasons that follow, Defendant's motion will be GRANTED.

## BACKGROUND

This is a declaratory judgment action, originating in the Circuit Court for the City of Richmond. (ECF No. 1-1.) This action stems from an underlying tort suit brought by Plaintiff Diane Mosby ("Mosby") against Defendant Joseph Massie III ("Massie") and the Massie Law Firm, P.C. for legal malpractice and breach of contract. In this action, Mosby seeks a declaration that Defendant ALPS Property & Casualty Insurance

Company f/k/a/ Attorneys Liability Protection Society, Inc.[1] ("ALPS") is obligated, pursuant to an insurance policy issued to Massie by ALPS, to provide liability coverage and a defense to Massie in the underlying tort action.

ALPS timely removed the declaratory action to this Court on August 18, 2015. (ECF No. 1.) ALPS asserts diversity jurisdiction as its basis for removal. Id. ALPS is a Montana corporation with its principal place of business in Montana. Id. Mosby and Massie are both natural persons and citizens of Virginia; the Massie Law Firm is a Virginia corporation with its principal place of business in Richmond, Virginia. Id. On August 25, ALPS moved to realign Massie and the Massie Law Firm as party-plaintiffs, arguing that Mosby, Massie, and the Massie Law Firm share a common interest in the present litigation.[2] (ECF No. 5.)

## DISCUSSION

Under 28 U.S.C. § 1332, this Court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Under

---

[1] ALPS was incorrectly identified in Mosby's complaint as "ALPS Property & Casualty Company d/b/a Attorneys Liability Protection Society, A Risk Retention Group."

[2] The time for filing responses has expired without any opposition having been filed from the remaining parties. Because this matter affects this Court's subject matter jurisdiction, the Court nonetheless decides this motion on ALPS' pleadings.

2

28 U.S.C. § 1441(b), actions originally filed in state court may be removed to federal court on the basis of diversity jurisdiction only if none of "the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

However, the Court is permitted to realign the parties when determining whether there is diversity jurisdiction in a particular case. Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941). It is the court's duty to "look beyond the pleadings and arrange the parties according to their sides in the dispute." Dawson v. Columbia Ave. Saving Fund, 197 U.S. 1789, 179 (1905). The Fourth Circuit has adopted the "principal purpose test" for determining whether to realign the parties. Palisades Collections LLC v. Shorts, 552 F.3d 327, 337 (4th Cir. 2008). The court must first determine "the primary issue in controversy," and then must align the parties accordingly. Id. at 337.

Mosby's primary purpose in filing the present action is to obtain a declaration that ALPS will be liable for any judgment that Mosby obtains against Massie and the Massie Law Firm in the underlying tort action. ALPS and Massie are on opposite sides of this dispute: a finding of coverage will be favorable for Massie, the Massie Law Firm, and Mosby, but is clearly against the interests of ALPS. As this Court stated in a closely

3

analogous case earlier this year, "any dispute between [Mosby and Massie] in the underlying tort action is secondary to the present coverage dispute, and it appears to the Court that both [Mosby and Massie] would benefit from a declaration in [Mosby's] favor." Smith v. Nationwide Mut. Fire Ins. Co., 2015 WL 364585, at *2 (E.D. Va. Jan. 27, 2015). Therefore, because the interests of Massie and the Massie Law Firm in this action are the same as Mosby's, Massie and the Massie Law Firm will be realigned as party-plaintiffs.

## CONCLUSION

For the foregoing reasons, DEFENDANT ALPS PROPERTY & CASUALTY INSURANCE COMPANY'S MOTION TO REALIGN THE PARTIES shall be GRANTED.

It is so ORDERED.

                                                /s/          REP
                                 Robert E. Payne
                                 Senior United States District Judge

Richmond, Virginia
Date: September 14, 2015